**REPUBLICAN NATIONAL COMMIT-
TEE et al., Plaintiffs,**

v.

**FEDERAL ELECTION COMMISSION
et al., Defendants.**

No. 555, Docket 79–3073.

United States Court of Appeals,
Second Circuit.

Submitted Nov. 28, 1979.

Response to Certified Questions
Feb. 6, 1980.

See also, D.C., 487 F.Supp. 280.

Before KAUFMAN, Chief Judge, and FEINBERG, MANSFIELD, MULLIGAN, OAKES, TIMBERS, VAN GRAAFEILAND, MESKILL, NEWMAN, and KEARSE, Circuit Judges.

In this action in the District Court for the Southern District of New York for declaratory and injunctive relief against enforcement of certain provisions of the Presidential Election Campaign Fund Act, Ch. 95 of Subtitle H of the Internal Revenue Code of 1954, 26 U.S.C. §§ 9001, *et seq.* ("Fund Act") and the Federal Election Campaign Act of 1971, as amended, 2 U.S.C. §§ 431, *et seq.* ("FECA") on the grounds that they violate the First, Fifth, and Ninth Amendments of the Constitution, the Chief Judge of this Court, by order entered pursuant to 28 U.S.C. § 2284 on November 30, 1978, convened a three-judge court to decide the constitutional issues raised with respect to the Fund Act, as required by § 801(b) of that Act, 26 U.S.C. § 9011(b), which expressly grants jurisdiction to such a court to "implement or construe" any provision of the Fund Act. The principal provisions of the Fund Act challenged are found in 26 U.S.C. § 9003(b) and those of FECA in 2 U.S.C. § 441a(b)(1)(B).

The single-judge district court (Gagliardi, D. J.) retained jurisdiction over the claims directed at FECA, advising the parties that it would entertain a motion to certify questions regarding the constitutionality of FECA to this Court sitting en banc, as required by 2 U.S.C. § 437h. See 461 F.Supp. 570 (1978). Before certifying the questions, however, the single-judge court, sitting jointly with the three-judge court, held hearings, took evidence, and made findings of fact bearing on the constitutional issues, which were essentially the same as to both statutes, thus following substantially the same procedure as that adopted in *Buckley v. Valeo*, 171 U.S.App.D.C. 168, 519 F.2d 821 (D.C. Cir. 1975), *affd. in part and revd. in part*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). The "Joint Findings of Fact" of the two courts were filed in the district court on October 15, 1979 and transmitted to this Court by Judge Gagliardi on the same date with his "Certification of Constitutional Questions" pursuant to 2

2

U.S.C. § 437h(a). Thereafter we requested the parties to submit briefs bearing on the constitutional issues raised with respect to 2 U.S.C. § 441a(b)(1)(B) of FECA.

On February 5, 1980, the three-judge court filed its opinion (per Mansfield, C. J.) upholding the constitutionality of the provisions of the Fund Act challenged by plaintiffs and directing that the complaint be dismissed insofar as it seeks to state any claim based on the alleged unconstitutionality of the Fund Act.

Having received, reviewed and considered the findings of the district court, the parties' briefs and the opinion of the three-judge court, we conclude, in response to the questions certified to us by the district court, that the challenged provision of FECA, 2 U.S.C. § 441a(b)(1)(B), does not violate the First, Fifth or Ninth Amendments of the Constitution, substantially for the reasons set forth in the opinion of the three-judge court filed in the case on February 5, 1980.